UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES SANTANA,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES ROBERTSON, et al.,<br><br>            Defendants. | Case No. 25-cv-05276-JD<br><br>**ORDER RE SERVICE** |

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1    cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above
2    the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3    omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4    face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face"
5    standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6    must be supported by factual allegations. When there are well-pleaded factual allegations, a court
7    should assume their veracity and then determine whether they plausibly give rise to an entitlement
8    to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials created unsafe conditions by allowing rival gang members to be on the yard at the same time. He also contends that certain prison regulations provided Hispanic inmates less privileges than inmates of other races. The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

Allegations in a *pro se* complaint are sufficient if they raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847). A prisoner need not wait until he is assaulted or harmed to state a claim

1    and obtain relief.  *See Farmer*, 511 U.S. at 845; *see also Gonzalez v. CDCR*, 739 F.3d 1226, 1235

2    (9th Cir. 2014) (finding standing to bring Eighth Amendment challenge to prison's gang

3    debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation

4    from other gang members).

5          To be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must

6    have known that there was a substantial risk that his or her actions (e.g. substandard training,

7    supervision, policy creation) would cause inmates harm, and there must be a causal connection

8    between the supervisor's actions and the plaintiff's harm.  *Jeffers v. Gomez*, 267 F.3d 895, 914-16

9    (9th Cir. 2001) (director of state prison system who had modified the use of force policy to

10   decrease number of prison shootings was entitled to qualified immunity for shootings during

11   prison riot under new policy); *Wilk v. Neven*, 956 F.3d 1143, 1146 (9th Cir. 2020) (a reasonable

12   factfinder could find the warden liable as supervisor in a failure-to-protect suit because only the

13   warden or his designee had the authority to add a person to an inmate's enemy list and there was

14   evidence plaintiff submitted a request to place an inmate, who later attacked him, on the list).

15         "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

16   'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

17   direction that all persons similarly situated should be treated alike."  *City of Cleburne v. Cleburne*

18   *Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982));

19   *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different

20   treatment of unlike groups does not support an equal protection claim).

21         Plaintiff names as defendants the former Director of the California Department of

22   Corrections and Rehabilitation ("CDCR"), an associate director at CDCR, the former warden at

23   Pelican Bay State Prison ("PBSP"), and a captain at the prison.  Plaintiff raises issues with

24   defendants' regulations toward gangs.  He alleges that all defendants enacted a program change of

25   incremental integration that during certain periods allowed rival gang members to be on the yard

26   at the same time.  Plaintiff contends that defendants were purposely integrating the different

27   prisoners so there would be more fights between the inmates and there were numerous violent

28   confrontations that led to injuries of other inmates.

1    Plaintiff, who is Hispanic, also states that at other times, the regulations violated equal
2    protection because non-Hispanic inmate received preferential treatment and services, which were
3    denied to Hispanic inmates.  He states that the regulations allowed defendants to restrict
4    movement of inmates during perceived threats of violence and that this was disproportionally used
5    against Hispanic inmates when there were more narrowly tailored means of controlling violence.
6    Plaintiff seeks money damages and injunctive relief.

    Liberally construed, plaintiff states an equal protection claim against all defendants and even though he has not yet been assaulted, plaintiff also states a failure to protect claim.  *See Farmer*, 511 U.S. at 845.

## CONCLUSION

1. The Court orders that former Director Connie Gipson and Associate Director Matthew Atchley be served electronically at CDCR Headquarters and that former Warden James Robertson and Captain L. Deters be electronically served at PBSP.

Service on the listed defendants will be effected via the CDCR e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk is also requested to serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR will provide the Court a completed CDCR Report of E-Service Waiver advising the court which defendant listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant declines to waive service or could not be reached.  CDCR also will provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, will file with the Court a waiver of service of process for the defendant if he is waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk will provide to the USMS the completed USM-285 forms

4

1  and copies of this order, the summons and the operative complaint for service upon each defendant
2  who has not waived service.  The Clerk will also provide to the USMS a copy of the CDCR
3  Report of E-Service Waiver.
4     2. To expedite the resolution of this case, the Court orders:
5       a. No later than ninety days from the date of service, defendants will file a
6  motion for summary judgment or other dispositive motion.  The motion will be supported by
7  adequate factual documentation and will conform in all respects to Federal Rule of Civil
8  Procedure 56, and will include as exhibits all records and incident reports stemming from the
9  events at issue.  If defendants are of the opinion that this case cannot be resolved by summary
10 judgment, they will so inform the Court prior to the date his summary judgment motion is due.
11 All papers filed with the Court will be promptly served on the plaintiff.
12      b. At the time the dispositive motion is served, defendants will also serve, on a
13 separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-
14 954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
15 *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be
16 given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed,
17 not earlier); *Rand* at 960 (separate paper requirement).
18      c. Plaintiff's opposition to the dispositive motion, if any, will be filed with the
19 Court and served upon defendants no later than thirty days from the date the motion was served
20 upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is
21 provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc),
22 and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).
23 If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust
24 his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take
25 note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided
26 to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).
27      d. If defendants wish to file a reply brief, they will do so no later than fifteen
28 days after the opposition is served upon them.

5

   e. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rules of Civil Procedure are required before the parties may conduct discovery.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 31, 2025

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.